# United States District Court

## NORTHERN  DISTRICT  OF TEXAS
Dallas Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 3:11-CR-080-O (01) |
| | U.S. Marshal's No.: 42904-177 |
| | Taly Haffar, Assistant U.S. Attorney |
| BRANDON SMITH | Chanae Connell and Ray Jackson, Attorney for the Defendant |

On September 25, 2011, the defendant, BRANDON SMITH, entered a plea of guilty to Counts One & Two of the Second Superseding Indictment filed on August 24, 2011.  Accordingly, the defendant is adjudged guilty of such Counts, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §841(a)(1) and (b)(1)(D) | Possession of a Controlled Substance with Intent to Distribute | July 13, 2010 | One |
| 18 U.S.C. § 922(c)(1)(A)(iii) | Possession of a Firearm During and in Relation to a Drug Trafficking Crime | July 13, 2010 | Two |

The defendant is sentenced as provided in pages two through four of this judgment.  The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The Indictment (Filed March 23, 2011) the Superseding Indictment (Filed July 6, 2011) and Counts Three and Four of the Second Superseding Indictment (Filed August 24, 2011) are dismissed, as to this defendant only, upon motion of the government.

The defendant shall pay immediately a special assessment of $200 for Counts One & Two of the Second Superseding Indictment filed on August 24, 2011.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed January 5, 2012.

REED O'CONNOR
U.S. DISTRICT JUDGE

Signed January 10, 2012.

# IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Brandon Smith, is hereby committed to the custody of the Federal Bureau of Prisons for a period of 60 months on Count One and 120 months on Count Two, to be served consecutive for a TOTAL term of **ONE HUNDRED-EIGHTY (180)**.  This sentence shall run consecutive to any sentence received in the pending probation revocation under Case No. CR15800 and pending Case Nos. 07-DT-371 and MA0964379, as they are unrelated to the instant federal offense.  Count One shall run concurrently to pending Case Nos. F-1058740, F-1059006, and F-1058427, because they are related to the instant federal offense.  Count Two shall run consecutively to pending Case Nos. F-1058740, F-1059006, and F-1058427, pursuant to 18 U.S.C. § 924(c)(1)(D)(ii).

The Court recommends to the BOP that the defendant be housed at a facility in the Texarkana, Texas, if possible.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

It is ordered that upon release from imprisonment the defendant shall be placed on supervised release for a term of 2 years on Count One and 5 years on Count Two, to be served concurrently.  It is further ordered that upon release from imprisonment, the defendant shall comply with the standard conditions contained in this Judgment and shall comply with the mandatory and special conditions stated herein.  The defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;

( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;

( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

( 4)   support the defendant's dependents and meet other family responsibilities;

( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;

( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;

( 9)   not associate  with any persons engaged in criminal activity and  not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   permit a probation  officer to visit the defendant at any time at home or elsewhere and  permit confiscation of any contraband observed in plain view by the probation officer;

(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

Judgment in a Criminal Case

Defendant: BRANDON SMITH

Case Number: 3:11-CR-080-O (01)

Judgment -- Page 3 of 4

(13)  notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

participate in a program (inpatient and/or outpatient) approved by the U.S. probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $50 per month;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

provide to the probation officer any requested financial information; and,

not incur new credit charges or open additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## FORFEITED PROPERTY

As to Counts One & Two of the Second Superseding Indictment filed on August 24, 2011, the defendant Brandon Smith, shall forfeit the following to the Government pursuant to 18 U.S.C. § 2253(a) and Fed. R. Crim. P.32.2(b):

1) An Interarms .380 caliber pistol;

2) A Norinco 7.62 caliber rifle;

3) A Charter Arms .44 caliber revolver; and,

4) Firearm magazines and rounds of ammunition seized in relation to this case.

Judgment in a Criminal Case

Defendant:   BRANDON SMITH                                                    Judgment – Page 4   of 4

Case Number:   3:11-CR-080-O (01)

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____
United States Marshal

B Y _____
Deputy Marshal