IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 3:11-cr-00080-O-1 |
| | § | |
| BRANDON SMITH, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendant Brandon Smith's ("Smith") *Emergency Motion to Modify/Reduce Term of Imprisonment, Pursuant to 18 U.S.C. § 3582(c)(1)(A)* and *Emergency Motion for Bail Pending Ruling on His Pro Se Motion to Modify/Reduce Term of Imprisonment*. ECF Nos. 137, 138. After considering the motions and the relief sought by Smith, the Court denies the motions.

### I. BACKGROUND

In 2012, Smith pleaded guilty to possession of a controlled substance with intent to distribute (count one) and possession of a firearm during and in relation to a drug trafficking crime (count two). He was sentenced to 60 months' imprisonment on count one and one hundred-twenty (120) months' imprisonment on count two, to run consecutively for a total term of one hundred-eighty (180) months. *See* ECF No. 100 at 2.

In October 2022, Smith filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 137. In that motion, he argues, in essence, that the Court erred in sentencing him to a "mandatory minimum term that was inapplicable to the offense conduct." *Id.* at 2. Smith then filed a motion for release on bail pending the resolution of his motion for a compassionate release. ECF No. 138. He also seeks court-appointed counsel. *See id.*

## II. LEGAL STANDARDS AND ANALYSIS

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i))); *see also id.* at 693 n.1. When deciding whether to modify a term of imprisonment, the court must "consider [] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is well-settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Nevertheless, the policy statement and its accompanying commentary are not irrelevant. "Courts should still look to the policy statement for guidance in determining what constitute 'extraordinary and compelling reasons' for sentence reduction when a prisoner files a compassionate release motion." *United States v. Fournier*, CRIMINAL NO. 4:12-CR-276-SDJ, 2022 WL 1645085, at *4 (E.D. Tex. May 24, 2022) (citing *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

Here, Smith claims that extraordinary circumstances exist that justify a compassionate release because he was "sentenced to a mandatory minimum term that was inapplicable to the offense conduct." ECF No. 137 at 2. More specifically, he argues that it was error to sentence him to a ten-year minimum sentence for discharging a firearm in the course of a drug trafficking crime

because the drug trafficking crime had completed or ceased by the time he discharged his firearm. *Id*. He also argues that the Court violated principles of state sovereignty by purporting to impose his federal sentences consecutively to some state sentences. *Id.*

But Smith's arguments attack his underlying sentence and are not cognizable in a § 3582 compassionate release motion. *See*, *e.g.*, *United States v. Woods*, CAUSE NO. 1:17CR118-LG-JCG-2, 2020 WL 43118758, at *1 (S.D. Miss. July 27, 2020). "A compassionate release request is not a matter of illegal or unconstitutional restraint." *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). Rather, "§ 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3rd Cir. 2019). "The terms of neither the statute nor its policy statement provides release on the basis of arguments…that were or could have been raised on direct appeal or in a § 2255 motion." *Id.*

Here, because Smith raises arguments that attack the validity of his sentence and that were or could have been raised on direct appeal or a § 2255 motion, his § 3582 motion for compassionate release is **DENIED**. And because the § 3582 compassionate release motion is denied, Smith's motion to be released on bail while the Court considers the merits of that motion and for the appointment of counsel is also **DENIED** as moot.

### III.    CONCLUSION

It is **ORDERED** that Smith's *Emergency Motion to Modify/Reduce Term of Imprisonment, Pursuant to 18 U.S.C. § 3582(c)(1)(A)* and *Emergency Motion for Bail Pending Ruling on His Pro Se Motion to Modify/Reduce Term of Imprisonment*, ECF Nos. 137, 138, are **DENIED**.

**SO ORDERED** this 30th day of November, 2022.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**