IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | No. 3:11-cr-00080-O-1 |
| BRANDON SMITH,<br>　　　　　Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Brandon Smith's ("Smith") *Second Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582*. ECF No. 146. After considering the motion and the relief sought by Smith, the Court denies the motion.

**I.　　BACKGROUND**

In 2012, Smith pleaded guilty to possession of a controlled substance with intent to distribute (count one) and possession of a firearm during and in relation to a drug trafficking crime (count two). He was sentenced to 60 months' imprisonment on count one and one hundred-twenty (120) months' imprisonment on count two, to run consecutively for a total term of one hundred-eighty (180) months. *See* ECF No. 100 at 2. His projected release date is October 16, 2024. *See* ECF No. 146-1 at 1-4.

He previously filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which the Court denied. ECF No. 139. On September 18, 2023, he filed *Defendant's Second Emergency Motion to Reduce Sentence Under 18 U.S.C. § 3582*. ECF No. 146. The Government opposes the motion. ECF No. 148.

## II.     LEGAL STANDARDS

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies[1], may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.

"Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). "The Sentencing Commission's current policy statement and corresponding commentary provide four categories of 'extraordinary and compelling reasons' that could warrant a sentence reduction: (A) medical conditions; (B) age; (C) family circumstances; and (D) '[o]ther reasons.'" *Id.* (citing U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)-(D)).

Of course, it is well-settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Nevertheless, the policy statement and its accompanying commentary are not irrelevant. "Courts should still look to the policy statement for guidance in determining what constitute 'extraordinary and compelling reasons' for sentence reduction when a prisoner files a compassionate release motion." *United States v. Fournier*, CRIMINAL NO. 4:12-CR-276-SDJ, 2022 WL 1645085, at

---

[1] Smith exhausted his remedies prior to filing this motion. *See* ECF No. 146-2 at 2. The Government does not argue otherwise.

2

*4 (E.D. Tex. May 24, 2022) (citing *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).[2]

### III.   ANALYSIS

As explained below, Smith has failed to show an extraordinary and compelling reason for a sentence reduction, and the Section 3553 sentencing factors do not favor a sentence reduction either.

#### A. Extraordinary and Compelling Reasons for Sentence Reduction

Smith appears to claim that there are five extraordinary and compelling reasons for a sentence reduction. First, he claims that his 82-year-old father has dementia and that Smith, if released, is the only available caregiver for him. Under current guidance—again not binding on the Court—"family circumstances" that amount to extraordinary and compelling reasons for a sentence reduction consist of "(i) the death or incapacitation of the caregiver of the defendant's minor child or minor children[,]" or "(ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13 comment. (n.1(C)). Thus, Smith's status as the only available caregiver for his father would not be an extraordinary and compelling reason for a sentence reduction under current guidance.

But a proposed amendment to the sentencing guidelines expands this list, adding, as is relevant here, "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." "Reader-Friendly" Version of 2023 Adopted Amendments (Effective November 1, 2023) (ussc.gov) at p. 10.

---

[2] Further, the Court recognizes, and Smith heavily relies upon, the amendments to USSG § 1B1.13 that are scheduled to take effect on November 1, 2023. *See* "Reader-Friendly" Version of 2023 Adopted Amendments (Effective November 1, 2023) (ussc.gov). The Court discusses these amendments as relevant herein.

The Government argues that this proposed amendment has not gone into effect yet, so the alleged incapacity of Smith's father and Smith's status as the sole caregiver do not warrant a sentence reduction.

But even if the Court assumed that a prisoner's status as the only available caregiver for an incapacitated parent could be an extraordinary and compelling reason for a sentence reduction, Smith has not established that he is the only available caregiver. He provides no evidence on this issue. He only states in his brief that "[Smith] is the only relative that is capable of serving as a full-time caretaker for his father as the only other living relatives currently reside around Texas with their own families, jobs, and issues that require their attention." ECF No. 7.

That is too vague. It is unclear what "issues" preclude other family members from caring for Smith's father. It is also unclear where in Texas the relatives live and how close they are to Smith's father. Finally, that these other family members also have families and jobs does not, without more, establish that they cannot care for Smith's father. It is not uncommon for people to care for aging relatives even though they have their own families and jobs. Smith has the burden of proof on this issue, and his conclusory and vague assertion in brief is insufficient to meet it. *See*, *e.g.*, *United States v. Perez-Barocela*, 2022 WL 2651965, at *3 (S.D. Tex. July 6, 2022) (noting that the burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release) (citing *Ward v. United States*, 11 F.4th 354, 359, 361 (5th Cir. 2021); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)).

Next, Smith argues that his case "fits into the newly enacted category [of extraordinary and compelling reasons for a sentence reduction] including cases where an unusually long sentence was originally issued but may no longer be appropriate..." ECF No. 146 at 8.

4

Again, this amendment does not take effect until November 1, 2023, but even assuming it applied, Smith does not fall under it. U.S.S.G. § 1B1.13(6), to become effective on November 1, 2023, provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

"Reader-Friendly" Version of 2023 Adopted Amendments (Effective November 1, 2023) (ussc.gov) at p. 13.

But Smith has not identified a change in law that might be considered an extraordinary and compelling circumstance under the standards of that proposed amendment. As he acknowledges, "distributing marijuana is still illegal at the federal level today." ECF No. 146 at 8. He argues that the public attitude toward marijuana and harsh penalties for marijuana distribution has shifted, but that is not the same thing as a change in the law.

Next, Smith points to an upcoming amendment to the calculation of criminal history points in USSG § 4A1.1(e) that will work to limit the impact of criminal history status points. *See* "Reader-Friendly" Version of 2023 Adopted Amendments (Effective November 1, 2023) (ussc.gov) at p. 82. He argues that, under the proposed amendment, since he received fewer than seven points under USSG § 4A1.1 sections (a) through (d), he would not receive status points were he sentenced today; instead, his criminal history score would be reduced by two points, resulting in a criminal history score of three and criminal history category of II. ECF No. 146 at 11. And his recommended guideline range for Count One would have been 8 to 14 months, not 10 to 16 months. *Id.*

5

Even if true, however, that still fails to establish an extraordinary and compelling circumstance for a sentence reduction. This is so because the Court imposed an above-Guidelines statutory maximum sentence of 60 months for Smith's egregious and dangerous conduct during the offenses. The Court was not bound by the Guideline recommendation when it sentenced Smith, and there is no indication that it would impose a Guideline sentence if it sentenced Smith today. Smith fails to show how the fact that his Guideline range would be lower today is an extraordinary and compelling ground for a sentence reduction under these circumstances.

Next, Smith argues that the conditions of his confinement are an extraordinary and compelling circumstance warranting a sentence reduction. He references constant lockdowns, lack of fresh and clean water, and other unsanitary conditions. He notes that, recently, "numerous inmates" have tested positive for H. pylori—an infection that occurs when bacteria infects the stomach—as a result of the prison's water conditions. *Id.* at 9. He claims that staff has refused to test him for H. pylori and commented that he should buy water bottles at the commissary if he is afraid of the water source.

But courts in this circuit have generally refused to find that conditions of confinement, standing alone, are an extraordinary and compelling release for a sentence reduction because those circumstances are applicable to all inmates who are currently imprisoned and not unique to any one person. *See*, *e.g.*, *United States v. Wallace*, 2023 WL 4408942, at *3 (S.D. Tex. July 7, 2023) (citing *United States v. Koons*, 455 F.Supp.3d 285, 291 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Finally, Smith points to his post-sentencing rehabilitative efforts. He has received certificates for over 20 courses and obtained certificates for a variety of subjects, including HVAC and his EPA certification. He has also earned his GED and taken college-level courses.

6

But rehabilitation on its own cannot constitute an extraordinary and compelling reason for a sentence reduction. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Because Smith has not shown another extraordinary and compelling reason for a sentence reduction, his rehabilitative efforts, while laudable, are insufficient.

### B. Section 3553(a) Sentencing Factors

Even assuming *arguendo* that Smith stated an extraordinary and compelling reason for a sentence reduction, the sentencing factors under Section 3553(a) weigh against it. *See Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."); *see also Chambliss*, 948 F.3d at 693 ("Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a).").

Of particular relevance here, the Section 3553(a) factors include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant" and (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

The details of Smith's crime are worth detailing. Per the presentence report (PSR), Smith met Jose Filemon at a library in Dallas to complete a drug transaction. ECF No. 89-1 at 5. Smith pulled a gun on Filemon and told him to hand over the 9.5 pounds of marijuana. *Id.* Filemon complied and then went to get his weapon, at which point Smith fled the scene in his car. *Id.*

Filemon followed Smith, and a chase ensued. *Id.* Filemon shot at Smith. *Id.* Filemon and Smith reached speeds in excess of 100 miles per hour in a 35 mile per hour zone. *Id.* Smith lost control of his vehicle, crossed the center median, and collided with a vehicle driven by a 65-year-old female. *Id.* The victim suffered severe injuries including a broken neck, broken elbow, and dislocated hip. *Id.* Smith's vehicle continued to collide with other vehicles or caused other vehicles to collide with other vehicles. *Id.*

After the collision, Smith and Filemon exchanged gun fire; witnesses were in the line of fire, but no one was injured by the bullets. *Id.* One victim was in her truck with her three daughters, aged 15, 10, and 4. *Id.* at 6. She recounted pulling her crying daughters from the accident when she heard shots being fired. *Id.* She threw her daughters to the ground and jumped on top of them to shelter them from the gunfire. *Id.*

Filemon took the marijuana from Smith and fled the scene. *Id.* After the car crash and gun fight, Smith discarded his gun, which was later found near the scene. *Id.*

The nature and circumstances of the offense were serious and violent. Smith created danger for innocent bystanders, culminating in serious injury. The "nature and circumstances of the offense" under Section 3553(a)(1) therefore weigh heavily against a sentence reduction. *See*, *e.g.*, *United States v. Martinez*, 832 F. App'x 906, 906 (5th Cir. 2021) (per curiam) (affirming denial of compassionate release motion based on consideration of the Section 3553(a) factors, noting that "[i]t was not unreasonable for the court to place greater weight on the seriousness of Martinez's offense, including the fact that a dangerous weapon was involved in the criminal activity…").

And the Court already, in imposing the sentence, determined that Smith's sentence was necessary to reflect the serious nature of the offense, promote respect for the rule of law, and

provide a just punishment; to deter criminal conduct; and to protect the public from potential future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2).

Smith does not persuasively argue that anything has changed to alter the analysis the Court already undertook when it sentenced him. While Smith speculates that, because of changing views about marijuana and appropriate punishment for marijuana related offenses, he would not have received a 60 month sentence "or the Court may have considered other variables in its decision," that argument ignores the fact that the Court imposed the sentence that it did—not because of prevailing views about marijuana at the time—but because of the particular, violent circumstances of the offense conduct, and, in particular, the injuries to innocent bystanders that Smith caused. ECF No. 104 at 18-19.

In short, although the Court acknowledges that Smith has served a significant portion of his sentence, it nevertheless concludes that, because of the circumstances of the offense conduct, releasing Smith now would not reflect the seriousness of the offense, promote the rule of law, or provide just punishment for the offense. Even if Smith could show an extraordinary and compelling reason for release, the sentencing factors do not favor it.

And finally, as for Smith's request in the alternative to be moved to a low-security unit closer to the DFW area to allow visitation from his family, including his sick father, the classification and transfer of federal prisoners falls within the BOP's broad discretion and the Court lacks authority to order that a prisoner be confined to any particular institution. *See*, *e.g.*, *Saleh v. Young*, 2021 WL 1774140, at *4 (S.D.W.V. Feb. 10, 2021) (citing 18 U.S.C. § 3621(b); *McKune v. Lile*, 536 U.S. 24, 40 (2022); *Meachum v. Farno*, 427 U.S. 215, 225 (1976)); (further citations omitted).

## IV.     CONCLUSION

For the reasons stated herein, it is **ORDERED** that Smith's *Second Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582* (ECF No. 146) is **DENIED**.

**SO ORDERED** this 18th day of October, 2023.

Reed O'Connor
UNITED STATES DISTRICT JUDGE